DZINA, APPELLANT, *v.* CELEBREZZE, JUDGE, APPELLEE.

[Cite as *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195.]

(No. 2005–1459—Submitted February 8, 2006—Decided March 29, 2006.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a complaint for writs of mandamus and prohibition to compel a domestic-relations judge to comply with an appellate court's order on remand.

{¶ 2} In December 1998, appellant, Nancy B. Dzina, and Daniel A. Dzina executed an agreed judgment entry for divorce and a separation agreement, which governed spousal support and property division. Nancy and Daniel later filed show-cause motions against each other for violating the terms of the divorce decree.

{¶ 3} On May 14, 2003, appellee, Judge James P. Celebrezze of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, found both Nancy and Daniel in contempt of the divorce decree and made numerous findings concerning spousal support and property division. Both Nancy and Daniel appealed the judgment.

{¶ 4} On August 26, 2004, the Court of Appeals for Cuyahoga County affirmed the May 2003 judgment in part and reversed it in part, and remanded the cause for further proceedings consistent with the following: (1) Nancy's award to be increased by $153,705 because of an erroneous double deduction, (2) Daniel to be ordered to place $153,705 in escrow until the total debt of $307,410 is paid to the lender's estate, (3) Nancy's award to be increased by $250,000 for improper reduction of equity interest in property, (4) Nancy's award to be increased by $65,377 for improper capital-gains tax deduction, (5) Nancy's share of Daniel's pre–1998 taxes to be placed in escrow until tax liability is finally determined, (6) valuation of certain property to be based upon the board of revision's determination, (7) Daniel to place $40,000 into an escrow account for pending tax liabilities, and (8) Nancy to be held not to have an equity interest in certain properties. *Dzina v. Dzina,* Cuyahoga App. No. 83148, 2004-Ohio-4497, 2004 WL 1902566.

{¶ 5} On October 22, 2004, Nancy filed a motion with the trial court to adopt a proposed judgment entry on remand. On November 1, 2004, Daniel filed a motion to stay the trial court's May 14, 2003 judgment. On December 17, 2004, Daniel filed a Civ.R. 60(B) motion based on his claim that Judge Celebrezze had inadvertently described a $250,000 adjustment to Nancy's property interest inaccurately.

{¶ 6} In January 2005, Judge Celebrezze granted Daniel's November 2004 motion, stayed the May 14, 2003 order, without interest, and ordered that Daniel post a property bond. Nancy appealed the stay, but the court of appeals dismissed the appeal for lack of a final, appealable order.

{¶ 7} On March 1, 2005, Nancy filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Judge Celebrezze to enter a judgment in accordance with the court of appeals' August 26, 2004 order on remand and to void the stay and strike the motion for relief from judgment.

Nancy also sought a writ of prohibition to prevent Judge Celebrezze from exercising judicial power to, essentially, vacate or modify the *Dzina* order (2004-Ohio-4497, 2004 WL 1902566). Judge Celebrezze moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

{¶ 8} On June 23, 2005, the court of appeals granted Judge Celebrezze's motion and dismissed Nancy's complaint. The court of appeals reasoned that Judge Celebrezze had continuing jurisdiction to consider Daniel's motions for stay and for relief from judgment and that Judge Celebrezze had not disregarded the court's order on remand:

{¶ 9} "Contrary to [Nancy's] claim, we find that Judge Celebrezze has not failed to implement the judgment of this court upon remand. Each of the aforesaid findings by this court requires that Judge Celebrezze conduct additional proceedings. In fact, a review of the docket in the underlying divorce action clearly demonstrates that Judge Celebrezze has scheduled additional proceedings per the order of this court. At this point in time, [Nancy] has not demonstrated that Judge Celebrezze has failed to implement the modifications ordered by this court with regard to the distribution of funds under the separation agreement."

{¶ 10} In her appeal as of right, Nancy claims that the court of appeals erred in dismissing her complaint. She contends that she is entitled to writs of mandamus and prohibition because Judge Celebrezze is violating the court of appeals' May 14, 2003 mandate.

{¶ 11} The court of appeals held that these writs were inappropriate, in part because Nancy has an adequate remedy at law by appeal from any adverse final judgment entered by Judge Celebrezze.

{¶ 12} Neither mandamus nor prohibition will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law. *State ex rel. Ahmed v. Costine*, 103 Ohio St.3d 166, 2004-Ohio-4756, 814 N.E.2d 865, ¶ 4. In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal. *State ex rel. Blackwell v. Crawford*, 106 Ohio St.3d 447, 2005-Ohio-5124, 835 N.E.2d 1232, ¶ 19.

{¶ 13} Judge Celebrezze did not patently and unambiguously disregard the court of appeals' August 26, 2004 mandate. In fact, the same court that issued the mandate Nancy seeks to enforce found that Judge Celebrezze had "not failed to implement the judgment of this court upon remand" and that the court's order required that he conduct additional proceedings. The court of appeals was in the best position to determine whether Judge Celebrezze had disregarded its mandate, and that court concluded that he had not. See *State ex rel. Borden v. Hendon*, 96 Ohio St.3d 64, 2002-Ohio-3525, 771 N.E.2d 247, ¶ 9; *State ex rel.*

*Bitter v. Missig* (1995), 72 Ohio St.3d 249, 252, 648 N.E.2d 1355 ("The court that issued the order sought to be enforced is in the best position to determine if that order has been disobeyed").

{¶ 14} Consequently, in the absence of a patent and unambiguous disregard of the court of appeals' mandate, Nancy has or had adequate remedies by appeal and by motion for contempt to challenge Judge Celebrezze's rulings on remand. See *State ex rel. Nationwide Mut. Ins. Co. v. Henson*, 96 Ohio St.3d 33, 2002-Ohio-2851, 770 N.E.2d 580, ¶ 13. Thus, the use of extraordinary relief to enforce a judgment is not widespread, because of the availability of other means of enforcement, e.g., motion for contempt. See, generally, *State ex rel. Natl. City Bank v. Maloney*, 103 Ohio St.3d 93, 2004-Ohio-4437, 814 N.E.2d 58, ¶ 12, and cases cited therein.

{¶ 15} Further, Judge Celebrezze had jurisdiction over Daniel's postjudgment motions for stay and for relief from judgment. *State ex rel. Soukup v. Celebrezze* (1998), 83 Ohio St.3d 549, 551, 700 N.E.2d 1278 ("Under Civ.R. 75(I), the continuing jurisdiction of a court that issues a domestic relations decree 'may be invoked by the filing of any motion by a party' "); *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110 ("Pursuant to Civ.R. 60, a trial court retains jurisdiction to grant relief from its own judgment").

{¶ 16} Nancy finally claims that after she filed this appeal, Judge Celebrezze entered an August 16, 2005 judgment that "purportedly" implemented the court of appeals' August 26, 2004 order on remand but did not, and that the judge also improperly stayed the August 16, 2005 judgment. We cannot, however, add matter to the record before us that was not part of the court of appeals' proceedings and then decide the appeal on the basis of the new matter. *Hardy v. McFaul*, 103 Ohio St.3d 408, 2004-Ohio-5467, 816 N.E.2d 248, ¶ 9. In addition, even if, as Nancy claims, she cannot appeal Judge Celebrezze's entry because of the stay, she could still move the court of appeals to find Judge Celebrezze in contempt for not complying with that court's mandate.

{¶ 17} Based on the foregoing, the court of appeals did not err in dismissing the complaint for writs of mandamus and prohibition. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., dissents.

Taft, Stettinius & Hollister, L.L.P., Peter M. Poulos, and Adam D. Cornett, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

Patrick J. Holland, urging affirmance for amicus curiae, Daniel A. Dzina.