[Cite as *State v. Feister*, 2018-Ohio-2368.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   | JUDGES:                      |
|------------------------|---|------------------------------|
| STATE OF OHIO          | : | Hon. W. Scott Gwin, P.J.     |
|                        | : | Hon. William B. Hoffman, J.  |
| Plaintiff-Appellant    | : | Hon. Earle E. Wise, J.       |
|                        | : |                              |
| -vs-                   | : |                              |
|                        | : | Case No. 2017AP12 0032       |
| JASON K. FEISTER       | : |                              |
|                        | : |                              |
| Defendant-Appellee     | : | OPINION                      |

CHARACTER OF PROCEEDING:       Criminal appeal from the New Philadelphia
                               Municipal Court, Case No. CRB 17 01103
                               (A-C)

JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        June 18, 2018

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

New Philadelphia Prosecuting           JASON KEISTER
Attorney                               Correction Reception Center
150 E. High Avenue, Ste. 113           11271 State Route 762
New Philadelphia, OH 44663             Orient, OH 43146

*Gwin, P.J.*

{¶1} Appellant Jason K. Feister ["Feister"] pro se appeals his conviction for one count of assault after a jury trial in the New Philadelphia Municipal Court. Appellee State of Ohio has failed to file a brief.

*Facts and Procedural History*

{¶2} Appellee, the State of Ohio did not file a brief in this matter. Pursuant to App.R. 18(C), in determining the appeal, we may accept appellant's statement of the facts and issues as correct, and reverse the judgment if appellant's brief reasonably appears to sustain such action. *See State v. S.H.*, 5th Dist. Guernsey No. 10CA000023, 2010-Ohio-5741, ¶17; *State v. McLeod,* 5th Dist. Knox No. 2011-CA-22, 2012-Ohio-1797, ¶2. Therefore, we presume the validity of appellant's statement of facts and issues.

{¶3} On September 14, 2017, the New Philadelphia Police Department received a call concerning a domestic disturbance. Upon arriving at the location, officers observed a suspect matching the description leaving the area. Officers attempted to speak to the individual who declined. The suspect, later identified by the officer as Feister, ran as police attempted to grab him. Feister was charged with obstructing official business in Case No. CRB1701103(C) as a result.

{¶4} Upon investigation, the officers determined that Feister physically assaulted his girlfriend D.D. Feister was charged with domestic violence in Case Number CRB17101103 (A). It was further alleged that a bystander, J.C. had come to D.D.'s aid. She got between Feister and D.D. It was alleged that Feister had pulled J.C.'s hair in an attempt to get to D.D. (T. Jury Trial, Nov. 13, 2017 at 115-116). Feister was charged with assault in Case Number CRB1701103 (B).

**{¶5}** Feister was arrested on September 15, 2017. He was charged with resisting arrest in Case Number CRB1701106.

**{¶6}** After a hearing, Feister was permitted to discharge his court appointed attorney and to represent himself. Feister likewise discharged his court appointed counsel and has represented himself on this appeal.

**{¶7}** A jury convicted Feister of all charges.[1]

*Assignments of Error*

**{¶8}** Feister raises two assignments of error,

**{¶9}** "I. THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS THE CHARGES PENDING AGAINST THE DEFENDANT AND CAUSED TRIAL TO BE CONDUCTED PAST THE PERMISSIBLE TIME LIMITS.

**{¶10}** "II. THE TRIAL COURT ERRED WHEN IT FAILED TO ACQUIT THE DEFENDANT OF COUNT TWO OF CASE NO. CRB 17 01103; ASSAULT."

*Pro se Litigants*

**{¶11}** We understand that Feister has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See, also, State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

---

[1] We note that Feister only challenges the jury's findings with respect to his conviction for assault.

{¶12} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts and documents in his brief that are outside of the record.

{¶13} In the interests of justice, we shall attempt to consider Feister's assignments of error.

I.

{¶14} After reviewing Feister's brief including his contentions, we have interpreted his first assignment of error in the following manner: Whether the trial court should have granted his motion to dismiss for violation of speedy trial time limitations.

**STANDARD OF APPELLATE REVIEW.**

{¶15} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579

(1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus.

**{¶16}** Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. No.2004–CA–103, 2005-Ohio-3122, 2005 WL 1463255, ¶11. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *State v. Taylor*, 5th Dist. Richland No. 16 CA 17, 2016-Ohio-5912, 2016 WL 5118653, ¶ 43, *citing Larkin, supra*. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id.

**{¶17}** When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against appellee. *Brecksville v. Cook,* 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, 2010 WL 2060900, ¶ 12.

ISSUE FOR APPEAL

A. Whether the trial court permissibly extended the trial date beyond the R.C. 2945.71 time prescriptions.

**{¶18}** The most serious offense Feister was charged with was a misdemeanor of the first degree. A person charged with a first-degree misdemeanor must be brought to trial within 90 days unless the right to a speedy trial is waived. R.C. 2945.71(B)(2). Feister did not waive time. If a person is held in jail in lieu of bond, then each day that

the suspect is in custody counts as 3 days.  R.C. 2945.71(E).  Feister remained incarcerated throughout the proceedings.  Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred.

{¶19} A defendant establishes a prima facie case for discharge once he demonstrates that he has not been brought for trial within the time limits set forth in R.C. 2945.71.  *State v. Ashbrook*, 5th Dist. Licking No. 06 CA 158, 2007-Ohio-4635, 2007 WL 2582869, ¶ 49, *citing State v. Butcher*, 27 Ohio St.3d 28, 30–31, 500 N.E.2d 1368 (1986).  Feister was jailed on September 15, 2017 and his trial began on November 13, 2017.  The lapsed time is 58 days.  When an appellant has established he was tried outside speedy-trial time limits, the burden shifts to the state to show that the time limit was extended under R.C. 2945.72.  Id. at ¶31.  If the state fails to produce evidence in rebuttal under R.C. 2945.72, then discharge pursuant to R.C. 2945.73(B) is required.  Id. "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71."  *State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337, 834 N.E.2d 887, ¶ 19 (12th Dist.).

{¶20}  Certain events toll the accumulation of speedy-trial time.  R.C. 2945.72 provides for a tolling of the time limitations under certain circumstances,

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

{¶21} The trial court asserted that a number of tolling events intervened to toll the time for trial.

{¶22} Feister was arrested on September 15, 2017 and held in jail. Thus, the state had thirty days to bring him to trial if he remained in jail solely on the pending charges. The right to a speedy trial time starts to run the day after arrest. *State v. Neal*, 5th Dist. Delaware No. 2005CAA02006, 2005-Ohio-6699, 2005 WL 3475738, ¶ 44; R.C. 2945.71. Accordingly, thirty days would be Monday, October 16, 2017.

{¶23} On September 16, 2017, Feister's trial attorney at the time filed a request for discovery and a request for a bill of particulars. A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E). *State v. Brown,* 98 Ohio St.3d 121, 202-Ohio-7040, 781 N.E.2d 159, paragraph one of the syllabus. The state responded to the requests of Feister on October 3, 2017.

{¶24} On October 4, 2017, Feister's trial counsel filed a motion to withdraw noting that Feister requested that he be permitted to represent himself. A motion to waive counsel and represent oneself tolls the running of the statutory speedy trial period under R.C. 2945.72(E). *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶36. The trial court granted the motion to withdraw on October 6, 2017.

**{¶25}** On October 5, 2017, Feister filed a pro se motion for discovery and for a bill of particulars. A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E). *State v. Brown,* 98 Ohio St.3d 121, 202-Ohio-7040, 781 N.E.2d 159, paragraph one of the syllabus. The state responded to Feister's requests on October 19, 2017.

**{¶26}** On October 10, 2017, Feister filed a motion to bifurcate the resisting arrest charge from the trial of the domestic violence and assault charges. This would be a tolling event pursuant to R.C. 2945.72(E). The trial court took Feister's motion to bifurcate under advisement at the October 17, 2017 hearing. T. Oct. 17, 2017 at 13. The trial court issued a written judgment entry overruling the motion on November 1, 2017.

**{¶27}** On October 16, 2017, Feister filed a motion to dismiss on speedy trial grounds and a motion in limine regarding his illegal seizure by the police. In *State v. Bickerstaff*, 10 Ohio St.3d 62, 461 N .E.2d 892(1984) the Ohio Supreme Court noted with respect to R.C.2945 .72(E), "[i]t is evident from a reading of the statute that a motion to dismiss acts to toll the time in which a defendant must be brought to trial." Id. at 67, 461 N.E.2d 892. In *Bickerstaff, supra*, the Court found no prejudice from a five-month delay between the filing of the Motion to Dismiss and the trial court's ruling upon the motion. Id. In the case at bar, the trial court overruled the motion to dismiss on the record during the October 17, 2017 hearing.

**{¶28}** On October 17, 2017, Feister filed a motion in limine concerning the lack of information in the incident report. He also filed an "objection" concerning the trial court's October 5, 2017 ruling and a memorandum of law. The trial court conducted a hearing on all of the motions on October 17, 2017. During that hearing, the trial court determined

that Feister's two motions in limine were in reality motions to suppress.  The trial court set those motions for an evidentiary hearing on October 25, 2017.  The trial court conducted an evidentiary hearing on Feister's motions to suppress on October 25, 2017.

**{¶29}**  Feister's motion to suppress tolled the speedy trial clock, but not indefinitely. Motions filed by an accused in a criminal prosecution toll the speedy trial period only to the extent that the delay is reasonable and necessary for the court to rule on the same. *State v. Arrizola*, 79 Ohio App.3d 72, 76, 606 N.E.2d 1020 (3rd Dist.1992).  Each case of a claimed speedy-trial violation turns on its unique facts.  "In cases such as these, it is difficult, if not unwise, to establish a per se rule of what constitutes 'reasonableness' beyond the ninety-day stricture of R.C. 2945.71.  Invariably, resolution of such a question depends on the peculiar facts and circumstances of a particular case."  *State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988).  Underlying our analysis, however, is the principle that "[a] strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible."  *State v. Martin*, 56 Ohio St.2d 289, 297, 384 N.E.2d 239 (1978).

**{¶30}**  In the case at bar, the trial court issued two judgment entries on November 1, 2017 overruling Feister's two motions to suppress.  The court noted the next available trial date was November 13, 2017.  Feister's' jury trial commenced on November 13, 2017.

**{¶31}**  Thus, the speedy trial time calculation in Feister's case is as follows:

Sept. 16, 2017 to Sept. 28, 2017 (12 days x 3-for-1) =  **36 days**

September 28, 2017 [Feister's attorney's discovery requests] to October 3, 2017 [state's response to Feister's attorney's discovery requests]                                                              **Tolled**

October 4, 2017 [motion to withdraw as counsel] to October 6, 2017 [court grants motion]                                                          **Tolled**

October 5, 2017 [Feister's pro se request for discovery and bill of particulars] to October 10, 2017 [state's response to Feister's pro se requests for discovery]                                                      **Tolled**

October 10, 2017 [Feister's motion to bifurcate] [2] to November 1, 2017 court ruling]                                                            **Tolled**

October 16, 2017 [Feister's motion to dismiss and motion in limine/suppress re: seizure] to October 25, 2017 [court's hearing on Feister's motion to suppress]                                                 **Tolled**

October 17, 2017 [Feister's second motion in limine/suppress; objection and memorandum of law] to October 25, 2017 [court's hearing on Feister's motion to suppress]                                             **Tolled**

October 25, 2017 [hearing on Feister's motions to suppress] to November 1, 2017[court overrules Feister's motions to suppress and motion to bifurcate]                                                       **Tolled**

November 1, 2017 to November 13, 2017 (12 days x 3-for-1) = **36 days**

---

[2] The trial court took Feister's motion to bifurcate under advisement at the October 17, hearing.  T. Oct. 17, 2017 at 13.  The trial court issued a written judgment entry overruling the motion on November 1, 2017.

**{¶32}** Accordingly, only 72 days of the 90-day speedy trial period had expired, taking into consideration the three-for-one provision of R.C. 2945.71(E).

**{¶33}** Feister's first assignment of error is overruled.

II.

**{¶34}** After reviewing Feister's brief including his contentions, we have interpreted Feister's second assignment of error in the following manner: the trial court erred in not granting his Crim. R. 29 motion for acquittal on the charge of assault.

**{¶35}** In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. *See, e.g., State v. Carter*, 72 Ohio St.3d 545, 553, 651 N.E.2d 965(1995); *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492(1991), *superseded by State constitutional amendment on other grounds in State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668(1997).

**STANDARD OF APPELLATE REVIEW.**

*1). Sufficiency of the Evidence.*

**{¶36}** The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker,* 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements

of the charged offense and a review of the state's evidence." *State v. Richardson,* 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶37} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus: *Walker,* at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney,* Oh. Sup. Ct. No. 2016-1255, 2018-Ohio-22, 2018 WL 328882 (Jan. 4, 2018), ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus (emphasis added); *Walker* at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

ISSUE FOR APPEAL

A.    Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, "if believed, would convince the average mind of the defendant's guilt on each element of the crime of assault beyond a reasonable doubt."

**{¶38}** Feister was convicted of one count of assault against J.C. To find Feister guilty of assault, the trier of fact would have to find that Feister knowingly caused or attempt to cause physical harm to J.C.

**{¶39}** R.C. 2901.01 states, in relevant part: "(3) 'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration."

**{¶40}** R.C. 2901.22 states, "(B) A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact."

**{¶41}** J.C. testified that she was holding Feister's son and had gotten between him and his girlfriend D.D. (T. at 115). J.C. testified that Feister grabbed the back of her hair, purse and sweater, leaving her with a red mark and some missing hair. (T. at 116; State's Exhibit B). J.C. testified that Feister grabbed the back of her head. (T. at 120).

**{¶42}** The extent or degree of a victim's injuries is "normally a matter of the weight rather than the sufficiency of the evidence." *Irwin* at ¶ 37, *citing State v. Salemi,* 8th Dist. Cuyahoga No. 81091, 2002–Ohio–7064, ¶ 34.

**{¶43}** Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Feister knowingly caused physical harm to J.C.; therefore that the

state met its burden of production regarding assault and, accordingly, there was sufficient evidence to support Feister's conviction.

*2). Manifest weight of the evidence.*

**{¶44}** As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668, 1997–Ohio–355; *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001).

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

> * * *

> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting 5 Ohio Jurisprudence 3d, Appellate Review*, Section 60, at 191–192 (1978).

**{¶45}** The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008–Ohio–1744, ¶ 31.

Because the trier of fact sees and hears the witnesses and is particularly competent to decide whether, and to what extent, to credit the testimony of particular witnesses, the appellate court must afford substantial deference to its determinations of credibility. *Barberton v. Jenney*, 126 Ohio St.3d 5, 2010–Ohio–2420, 929 N.E.2d 1047, ¶ 20. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002–Ohio–1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999). Thus, an appellate court will leave the issues of weight and credibility of the evidence to the fact finder, as long as a rational basis exists in the record for its decision. *State v. Picklesimer,* 4th Dist. Pickaway No. 11CA9, 2012–Ohio–1282, ¶ 24.

**{¶46}** Once the reviewing court finishes its examination, an appellate court may not merely substitute its view for that of the jury, but must find that " 'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra,* 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id.

<u>ISSUE FOR APPEAL.</u>

<u>B. Whether the jury clearly lost their way and created such a manifest miscarriage of justice that Feister's conviction for assault must be reversed and a new trial ordered.</u>

**{¶47}** In the case at bar, the jury heard the witnesses, viewed the evidence and heard Feister's arguments and explanations about his and D.D.'s actions. The jury also

viewed Feister and J.C. subject to cross-examination. Thus, a rational basis exists in the record for the jury's decision.

**{¶48}** We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The jury neither lost his way nor created an injustice in convicting Feister of assault.

**{¶49}** Based upon the foregoing and the entire record in this matter we find Feister's conviction for assault is not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury heard the witnesses, evaluated the evidence, and was convinced of Feister's guilt.

**{¶50}** Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime of assault for which Feister was convicted.

**{¶51}** Feister's second assignment of error is overruled.

{¶52}  The judgment of the New Philadelphia Municipal Court is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur