[Cite as *State v. Payton*, 2023-Ohio-504.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.    CT2022-0038 |
| SEAN PAYTON | : | CT2022-0039 |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum
County Court of Common Pleas, Case Nos.
CR2017-0297 & CR2017-0298

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:       February 21, 2023

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

RON WELCH                                      SEAN PAYTON # 739854
Prosecuting Attorney                          Noble Correctional Institute
By: JOHN CONNOR DEVER              15708 State Route 78
Assistant Prosecutor                          Caldwell, OH 43724
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702

*Gwin, P.J.*

{¶1}   Defendant-appellant Sean Payton ["Payton"] appeals the May 26, 2022 Judgment Entry of the Muskingum County Court of Common Pleas overruling his post-sentence motion to withdraw his guilty plea.

*Facts and Procedural History*

{¶2}   Payton was charged with one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and two counts of rape in violation of R.C. 2907.02(A)(2). (Our Case No. 2017-95 involving A). On October 25, 2017, Payton was charged, with one count of rape of a victim less than 13 years of age in violation of R.C.2907.02(A)(1)(b). (Our Case No. 2017-0096 involving M). For the complete facts underlying the charges see *State v. Payton,* 5th Dist. Muskingum No. CT2017-0096, 2018-Ohio-3864. ["*Payton I*"].

{¶3}   On October 27, 2017, Payton appeared for an arraignment hearing and a plea hearing. Per negotiations with the state, in the case involving A, the state dismissed the charge of aggravated burglary and one count of rape. Payton pled guilty to the remaining count of rape. In the case involving M, Payton was arraigned, and then pled guilty as charged to one count of rape of a victim under 13 years of age. The trial court ordered a pre-sentence investigation and set the matter over for sentencing. *Payton I* at ¶12.

{¶4}   Payton's sentencing hearing was held on November 15, 2017. For the case involving M, Payton was sentenced to life with the possibility of parole after 10 years. For the case involving A, Payton was sentenced to a consecutive mandatory prison term of ten years. He was further classified as a Tier III sex offender. *Payton I* at ¶13.

{¶5}   Payton thereafter filed an appeal raising two assignments of error,

"THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES THAT ARE CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD.

"THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL."

{¶6}   This Court affirmed the trial court's judgment. *Payton I.*

{¶7}   On May 19, 2022, Payton filed a Motion to Withdraw Guilty Plea Pursuant to Criminal R. 32.1 arguing that he did not knowingly, intelligently and voluntarily enter into his plea. [Docket Entry No. 29]. The trial court overruled Payton's motion.

*Assignments of Error*

{¶8}   Payton pro se raises two Assignments of Error,

{¶9}   "I.  THE SAID DEFENDANT SEAN S. PAYTON RAISES THE ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL DO [sic.] TO A SWORN AFFIDAVIT SHOWING INEFFECTIVE COUNSEL, AND THAT DEFENDANTS COUNSEL FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS. DEFENDANT SUFFERED PREJUDICE DUE TO LACK OF EFFORT MADE BY HIS COUNSEL AND THEREFORE SUFFERED GREATLY BY LOSING HIS LIFE AND LIBERTY.

{¶10}  "II.  THE SAID DEFENDANT SEAN S. PAYTON RAISES THE ISSUE OF CRIMINAL RULE 11(A)(B)(C), DEFENDANT WAS NOT KNOWINGLY, INTELLIGENTLY, VOLUNTARILY PUTTING HIS PLEA IN DUE TO THE TRIAL COURTS [SIC.] COMPLETE FAILURE TO COMPLY WITH CRIM.R 11. THE TRIAL COURTS [SIC.] MUST BE PUNITIVE DURING THE PLEA COLLOQUY IN ADDRESSING THE DEFENDANT TO ALL CRITERIA FROM CLASSIFICATION TO

REGISTRATIONS OF LIVING ACQUISITIONS SUCH AS NOTIFYING NEIGHBORS, AND THE MAXIMUM PENALTY INVOLVED ETC. DEFENDANT IS PREJUDICE DUE TO THE LACK OF FOLLOWING STATUTE BY THE TRIAL COURT."

## I. & II

{¶11} We understand that Payton has filed this appeal pro se. The Supreme Court of Ohio has "repeatedly declared that "pro se litigants * * * must follow the same procedures as litigants represented by counsel.'" *State ex rel. Gessner v. Vore,* 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5. "It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, *quoting Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio St.3d 651, 654, 763 N.E.2d 1238; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

{¶12} We note that Payton has attached an affidavit to his appellate brief. However, this affidavit was not presented with his motion in the trial court. Nor did he raise any argument in the trial court concerning his trial counsel's discussions with Payton's father.

{¶13} Payton's new material may not be considered. "'We cannot * * * add matter to the record before us that was not part of the [trial court's] proceedings and then decide the appeal on the basis of the new matter.'" *North v. Beightler*, 112 Ohio St.3d 122, 2006-

Ohio-6515, 858 N.E.2d 386, ¶ 7, *quoting Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16. Accord, *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001).

**{¶14}** It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16.

**{¶15}** Therefore, we have disregarded facts and documents in the parties' briefs that are outside of the record.

**{¶16}** We further note that Payton may not present arguments in this Court for the first time. A party may not change its theory of the case and present new arguments for the first time on appeal. *State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections*, 65 Ohio St.3d 175, 177, 602 N.E.2d 622 (1992); *Zawahiri v. Alwattar*, 10th Dist. No. 07AP–925, 2008-Ohio-3473, 2008 WL 2698679, ¶ 11, 17–18. Yet, this is exactly what Payton has done. Payton's appellate brief purports to raise issues and present evidence that he did not raise or present in the trial court.

**{¶17}** In the interests of justice, we shall attempt to consider Payton's assignments of error.

I & II

{¶18} After reviewing Payton's brief including his contentions, we have interpreted Payton's first assignment of error in the following manner: trial counsel rendered ineffective assistance before the plea hearing.

{¶19} After reviewing Payton's brief including his contentions, we have interpreted Payton's second assignment of error in the following manner: the trial court erred in imposing consecutive sentences.

**Standard of Appellate Review**

{¶20} Crim. R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In the case at bar, because Payton's request was made four years after the sentence was imposed, the standard by which the motion was to be considered was "to correct manifest injustice."

{¶21} The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324(1977), paragraph one of the syllabus. A manifest injustice has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83(1998). "'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" *State v. Ruby,* 9th Dist. No. 23219, 2007-Ohio-244, ¶ 11, quoting *State v. Williams,* 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Accordingly, under the

manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *Smith,* 49 Ohio St.2d at 264.

**{¶22}** In the case at bar, however, we note that Payton filed a direct appeal in his case. On appeal this Court affirmed Payton's convictions and sentences on September 21, 2018. *Payton I.*

**{¶23}** In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97–98, 378 N.E.2d 162 (1978), the Supreme Court of Ohio explained that:

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea *subsequent to an appeal and an affirmance by the appellate court.* While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

Id. at 97–98, 378 N.E.2d 162 (emphasis added)

**{¶24}** The defendant in *Special Prosecutors* pled guilty to murder, the court of appeals affirmed his conviction, and the defendant thereafter moved to withdraw his plea, which the trial court granted. Id. at 94, 378 N.E.2d 162. The state did not appeal, but, before the defendant's case could proceed to trial, it filed a complaint for a writ of prohibition, seeking to prevent the trial from taking place. Id. The state argued that the trial court did not have jurisdiction to let the defendant withdraw his plea. The Supreme Court granted the writ because it concluded that a trial court does not have jurisdiction to

consider a motion to withdraw a plea after an appellate court has affirmed the defendant's conviction. Id. at 98, 378 N.E.2d 162. Specifically, the Supreme Court noted that "the trial court lost its jurisdiction when the appeal was taken, and, absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals' decision." Id. at 97, 378 N.E.2d 162. Accord, *State ex rel. Corday v Marshall,* 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶33; *State v. Baldwin,* 5th Dist., Stark No. 2010-CA-00223, 2011-Ohio-495, ¶15.

**{¶25}** Subsequently, in *State v. Davis,* the Ohio Supreme Court modified the holding in *Special Prosecutors* as follows,

> [W]e hold that a trial court retains jurisdiction to decide a motion for a new trial *based on newly discovered evidence when the specific issue has not been decided upon direct appeal.*

131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶37 (emphasis added).

**Issue for appellate review:** *Whether the trial court had jurisdiction to consider Payton's motion to withdraw his guilty plea subsequent to an appeal and an affirmance by the appellate court*

**{¶26}** We note that Payton did not present affidavits, even his own, records or other evidentiary quality material with his motion to withdraw his guilty plea filed in the trial court.

**{¶27}** In his motion filed in the trial court, Payton argued his trial counsel did not fully and independently investigate the facts of the case before the plea hearing. We addressed this issue in *Payton I,* ¶30. Payton neither presented nor cited any evidence in the record or newly discovered evidence to the trial court in his motion.

**{¶28}** Payton next claimed that counsel was ineffective for failing to request a mental evaluation of him. Payton contends that he had attempted suicide and was on suicide watch prior to entering his plea.

**{¶29}** At the plea hearing, the state indicated that when the police responded to the home of Payton, "the defendant swallowed multiple prescription pills and attempted to kill himself. That was stopped by officers at the scene, and he was placed under arrest." Plea T. at 14. Thus, this is not newly discovered evidence. Payton was represented on his direct appeal by new counsel who had not represented him in the trial court. In the case at bar, Payton had the opportunity to raise the issues of ineffective assistance of trial counsel and his competency to stand trial on direct appeal, but he failed to do so. The doctrine of res judicata bars Payton from raising this issue anew via a motion to withdraw his guilty plea filed four years after sentencing. *See*, *State v. Foy*, 5th Dist. No. 2009–CA–00239, 2010–Ohio–2445, ¶8; *State v. Miller*, 5th Dist. No. 2011–CA–00074, 2011–Ohio–3039.

**{¶30}** Further, Payton told the trial judge when asked, that he understood the proceedings. Plea T. at 9. He further told the judge that he was satisfied with his attorney and the advice and help that his attorney had given to him. Id. at 9. Payton neither presented nor cited any evidence in the record or newly discovered evidence on this issue to the trial court in his motion.

**{¶31}** In his second assignment of error, Payton contends the trial court erred in imposing consecutive sentences. In the motion to withdraw his guilty plea filed in the trial court, Payton made no mention of the child victim sex offender or sexually-oriented offender classification, registration, community notifications, and residential restrictions.

Rather he argued, that consecutive sentences were not supported by the record. We addressed this issue in *Payton I,* ¶17. The transcript of the sentencing hearing was filed in this case on July 26, 2022. Payton was represented on his direct appeal by new counsel who had not represented him in the trial court.

**{¶32}** Payton does not cite evidence within or outside the record to support his claim that the trial court's imposition of consecutive sentences is not supported by the record. Thus, this claim is not based upon newly discovered evidence.

**{¶33}** Payton has failed to present any evidence within or outside the record to demonstrate anything occurring in the plea proceeding that caused his plea to not be knowing, intelligent, and voluntary.

**{¶34}** Based upon the foregoing, the trial court lacked jurisdiction to consider Payton's motion to withdraw his guilty plea filed subsequent to an appeal and an affirmance by this Court.

**{¶35}** Payton's First and Second Assignments of Error are overruled.

{¶36}  The decision of the Muskingum County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

[Cite as *State v. Payton*, 2023-Ohio-504.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SEAN PAYTON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2022-0038 |

For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Muskingum County Court of Common Pleas is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY