HILL, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS ET AL., APPELLEES.

(No. 81-1601—Decided October 29, 1981.)

*Messrs. Reed, Howard & Anderson* and *Mr. Tyrone E. Reed,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. David A. Williamson,* for appellees.

*Per Curiam.* Section 7 of the Charter of the city of Cleveland provides that: "The form of nominating papers shall be substantially as follows:

"We, the undersigned qualified electors of the City of Cleveland (or _____ ward of the City of Cleveland), and residing at the places set opposite our respective names, do hereby request that the name of _____ be placed upon the primary election ballot as a candidate for nomination for the office of _____ at the primary election to be held in said city (or in said ward) on the _____ day of _____, 19____.***."

In his supplemental part-petitions, appellant did insert a date for the primary election. However, the date so inserted was incorrect. Granted that there was a defect in appellant's part-petitions, the question becomes whether such defect is sufficient to invalidate the same. Appellant contends, in essence, that the error was merely a technical defect, having "absolutely no effect" upon the validity of the part-petitions.

Had appellant failed to place any date in the space pro-

vided, it is clear that the part-petitions would be invalid. See *State, ex rel. Allen,* v. *Bd. of Elections* (1959), 170 Ohio St. 19; *cf., Billington* v. *Cotner* (1971), 25 Ohio St. 2d 140.

Where, however, as in this case, appellant has not omitted the date for the primary election, but, rather, misstated the same, it is not inappropriate, in determining whether such defect invalidates the part-petitions, to consider the public purpose served by the requirement. See, *e.g., State, ex rel. Hanna,* v. *Milburn* (1959), 170 Ohio St. 9, 14 (Taft, J., concurring); *cf., State, ex rel. Loss,* v. *Bd. of Elections* (1972), 29 Ohio St. 2d 233. It appears that the purpose for requiring the date of the primary election to appear upon the part-petition is to inform the electors who sign the part-petitions as to which election is at issue. That purpose has not been frustrated in this case.

Section 10 of the Cleveland city charter provides, in part, that "* * * [i]n case there shall not be for any office more than two persons who shall have filed petitions as provided for in this Charter, then said persons shall be the candidates at the regular Municipal election and the primary* * * shall not be held." This provision is mandatory and is clearly applicable under the circumstances of this case. There being no primary election required, it is unlikely that the part-petitions' signers were misled by inclusion of the erroneous date. Moreover, the date provided in the part-petitions was sufficient, in this case, to inform the signers thereof of which election or office was in issue. In addition, it is noted that October 4, 1981, fell upon a Sunday.[3]

Accordingly, under the facts of this case, we hold that the Court of Appeals erred in refusing to issue the writ of mandamus.

It is therefore ordered that appellees shall place appellant's name on the ballot, as a candidate for the office to which his nominating petition relates, at the November 3, 1981, general election.

The Clerk of the Ohio Supreme Court shall immediately certify this judgment to the Secretary of State and, in the

---

[3] Section 4 of the Cleveland city charter provides: "Candidates for all offices to be voted for at any Municipal election under the provisions of this Charter shall be nominated at a non-partisan primary election to be held on the fifth Tuesday prior to such Municipal election."

event of appellees' noncompliance, the Secretary of State is directed upon the force of this order to utilize such portion of this order as is necessary to place appellant's name on the November 3, 1981, ballot.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.