THE STATE EX REL. GUTIERREZ, APPELLANT, *v.* TRUMBULL COUNTY BOARD OF ELECTIONS, APPELLEE.

[Cite as *State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections* (1992), 65 Ohio St.3d 175.]

(No. 92–1334—Submitted and decided September 22, 1992—Opinion announced December 9, 1992.)

176

*Mark S. Colucci* and *Sherman J. Miles,* for appellant.

*Per Curiam.* We affirm the judgment of the court of appeals. Appellant's propositions of law are moot, improper, or both. He cites *Hill v. Cuyahoga Cty. Bd. of Elections* (1981), 68 Ohio St.2d 39, 22 O.O.3d 179, 428 N.E.2d 402, as authority that this court may place on the general election ballot a

candidate who has applied only for the primary. *Hill* involved Cleveland municipal elections for members of city council. The Cleveland City Charter provided that if not more than two persons filed petitions for an office at the primary, the primary should not be held. The relator was one of two persons to file a petition for a particular council seat at the primary. However, the board of elections refused to certify his candidacy because his supplemental petitions incorrectly stated the date of the primary election. He sought a writ of mandamus in the court of appeals, seeking to be placed directly on the general election ballot. The court of appeals denied the writ, but this court reversed, holding that the petition signers would not have been misled by the erroneous date and that since relator was one of only two candidates, making a primary election unnecessary, he was entitled to be placed on the general election ballot.

In the instant case, appellant has submitted no evidence that if he had been admitted to the Democratic primary ballot his certification to the general election ballot would have been automatic. Accordingly, *Hill* applies only to cases fitting a narrow fact pattern not present here, and there is no authority for placing appellant on the general election ballot, even if he was wrongfully excluded from the primary ballot. Moreover, the primary having occurred before this appeal was even filed, the issues he raises on appeal are moot. *State ex rel. Santora v. Cuyahoga Cty. Bd. of Elections* (1962), 174 Ohio St. 11, 21 O.O.2d 35, 185 N.E.2d 438.

Appellant also requests that the case not be considered moot because the controversy is capable of repetition yet evading review. However, the constitutional issues appellant raises in propositions of law Nos. 1 and 2 are not properly before this court because they were not raised by the complaint or decided by the court of appeals below. Appellant's sole theory below was that the appellee abused its discretion when it held that his fingerprint record, residence history, and employment history had not been timely filed and when it did not provide a notice of the "hearing" and an opportunity to be heard. Appellant cannot change the theory of his case and present these new arguments for the first time on appeal. See *Republic Steel Corp. v. Cuyahoga Cty. Bd. of Revision* (1963), 175 Ohio St. 179, 23 O.O.2d 462, 192 N.E.2d 47, syllabus; *Miller v. Wikel Mfg. Co., Inc.* (1989), 46 Ohio St.3d 76, 78, 545 N.E.2d 76, 78–79.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.