OPINION
{¶ 1} Appellant, Taylor-Dunn Manufacturing, is the manufacturer and designer of the C4-25 Huskey industrial tow-motor. On August 25, 1998, Jeffrey Wynn sustained personal injuries while test driving a C4-25 Huskey in the course of his employment at Honda of America Manufacturing ("Honda"). Appellee, Hy-Tek Material Handling, Inc., the local distributor of the C4-25 Huskey, serviced the unit at Honda shortly before Mr. Wynn's accident. On September 17, 1999, Mr. Wynn filed a product liability/negligence action against appellant to which his wife, Robin Wynn, appended a claim for loss of consortium. On February 1, 2001, appellant filed a third-party complaint against appellee, seeking both indemnification and contribution.
 {¶ 2} The matter was submitted to a jury on the Wynns' claims against appellant and appellant's third-party claims against appellee. While the jury was deliberating, the Wynns agreed to accept the sum of $350,000, regardless of the outcome of the jury's deliberations, in exchange for a full release of any and all claims they had or may have had against both appellant and appellee. Jury deliberations continued without the jury being advised of the settlement.
 {¶ 3} The jury ultimately awarded Mr. Wynn $823,610 in compensatory damages and $0 damages on Mrs. Wynn's loss of consortium claim. The jury also found in favor of appellant on its third-party claim against appellee. In answers to interrogatories submitted by appellant, the jury found, inter alia, that the C4-25 Huskey was defective at the time it left appellant's control, that appellee was negligent, and that both the product defect and appellee's negligence proximately caused Mr. Wynn's injuries. The jury apportioned fault between appellant and appellee at 65 percent and 35 percent, respectively.
 {¶ 4} On September 26, 2002, the trial court entered judgment in favor of Mr. Wynn and against appellant in the amount of the jury verdict. Because appellant and appellee disagreed as to whether appellant was entitled to a judgment against appellee on its third-party claim, and, if so, the amount of such judgment, the trial court ordered the parties to brief the issue.
 {¶ 5} On October 1, 2002, appellant paid the Wynns $350,000. On the same day, the Wynns executed a settlement agreement memorializing their acceptance of the $350,000 as full satisfaction of the judgment rendered on September 26, 2002, in exchange for a full release of any and all claims they had or may have had against both appellant and appellee. A satisfaction of the judgment entered against appellant was filed October 4, 2002.
 {¶ 6} In its post-trial brief, appellant argued that the trial court should enter judgment in its favor on its contribution claim in the amount of $288,263.50, which represents 35 percent of the $823,610 verdict.[1] Appellant argued that such judgment was mandated by R.C.2307.32(E), which provides that the jury's answers to interrogatories as to the apportionment of liability between joint tortfeasors are binding in determining the right of contribution. Appellant maintained that because the jury found appellee to be 35 percent liable for Mr. Wynn's injuries, appellant was entitled to receive 35 percent of the jury verdict from appellee.
 {¶ 7} In opposition, appellee argued that appellant was not entitled to contribution from appellee because appellant had not paid more than its proportionate share of the common liability. In support of its position, appellee cited R.C. 2307.31(A) and (F), which provide, in pertinent part:
(A) Except as otherwise provided in this section or section 2307.32 of the Revised Code, if two or more persons are jointly and severally liable in tort for the same injury * * * there is a right of contribution among them even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than that tortfeasor's proportionate share of the common liability, and that tortfeasor's total recovery is limited to the amount paid by that tortfeasor in excess of that tortfeasor's proportionate share. * * *
* * *
(F) The proportionate shares of tortfeasors in the common liability shall be based upon their relative degrees of legal responsibility. * * *
 {¶ 8} Appellee maintained that under the provisions noted above, appellant was not entitled to contribution from appellee because the amount appellant paid to extinguish the Wynns' claims ($350,000) was less than the amount of appellant's 65 percent share of the common liability for those claims as determined by the jury (65 percent of $823,610 or $535,346).
 {¶ 9} By decision rendered November 18, 2002, the trial court rejected appellant's argument and adopted that of appellee. Accordingly, the court found that because appellant settled the case for less than 65 percent of the jury verdict, it never had to pay more than its proportionate share of the common liability and thus had no right of contribution from appellee. Consistent with its decision, the trial court, on December 2, 2002, entered judgment in favor of appellee on appellant's third-party complaint. Appellant has timely appealed the trial court's judgment, advancing a single assignment of error:
The trial court erred when it held that no claim for contribution ever arose in favor of Taylor Dunn since it never paid more than its "proportionate share of the common liability."
 {¶ 10} Appellant contends that the trial court erred in determining that it was not entitled to contribution from appellee because appellant had not paid more than its proportionate share of the common liability. Appellant now maintains that the "common liability" for purposes of the contribution statute is $350,000, the amount appellant paid to settle the claim with the Wynns. Accordingly, appellant contends that the trial court should have found appellant entitled to contribution from appellee in the amount of $122,500, which represents 35 percent of the $350,000. Appellant requests that this court reverse the judgment of the trial court and enter judgment in favor of appellant in the amount of $122,500.
 {¶ 11} Based upon the settlement of $350,000, the jury verdict of $823,610, and the jury's apportionment of fault between appellant and appellee at 65 percent and 35 percent, respectively, three possible scenarios arose: (1) appellant was entitled to recover $288,263.50 from appellee (35 percent of the jury verdict); (2) appellant was entitled to recover $122,500 from appellee (35 percent of the amount for which it settled with the Wynns); and (3) appellant was not entitled to contribution from appellee because the amount that appellant paid to settle the Wynns' claims ($350,000) was less than the amount of appellant's 65 percent share of the total liability as determined by the jury (65 percent of $823,610 or $535,346).
 {¶ 12} As we have previously noted, appellant argued only the first alternative in the trial court. Implicit in its argument below was that the "common liability" for purposes of the contribution statute was $823,610, the amount of the jury verdict. Indeed, the trial court noted in its decision that "Taylor-Dunn argues that it should receive that amount [$288,263.50] in contribution from Hy-Tek." (Nov. 18, 2002 decision, at 1.) With the trial court having rejected its argument, appellant now argues on appeal that the trial court should have considered the settlement amount as the "common liability" and adopted the less extreme second alternative. However, such argument is not properly before this court because it was not raised before, or decided by, the trial court. Appellant cannot change the theory of its case and present new arguments for the first time on appeal. See Republic Steel Corp. v.Cuyahoga Cty. Bd. of Revision (1963), 175 Ohio St. 179, syllabus; Millerv. Wikel Mfg. Co., Inc. (1989), 46 Ohio St.3d 76, 78-79; State ex rel.Gutierrez v. Trumbull Cty. Bd. of Elections (1992), 65 Ohio St.3d 175,177. Accordingly, appellant's assignment of error is not well taken.
 {¶ 13} For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Petree, P.J., and Bowman, J., concur.
[1] Appellant made no argument regarding its indemnification claim and, as such, appears to have abandoned that claim.