[Cite as *Russell v. Jones*, 2020-Ohio-4497.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Carrie L. Russell | Court of Appeals No. L-20-1065 |
| Appellant | Trial Court No. CI0201902023 |
| v. | |
| James E. Jones | **DECISION AND JUDGMENT** |
| Appellee | Decided:  September 18, 2020 |

* * * * *

Margaret G. Beck, for appellant.

Douglas A. Wilkins, for appellee.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} Appellant, Carrie Russell, appeals the judgment of the Lucas County Court of Common Pleas, granting summary judgment to appellee, James Jones, and thereby dismissing appellant's complaint for foreclosure of two mortgages on real property

located at 10465 Bailey Road, Waterville, Ohio 43566, and 10489 Bailey Road, Waterville, Ohio 43566 (collectively referred to as the "former marital residence"). Finding no error in the court's judgment, we affirm.

## A. Facts and Procedural Background

{¶ 2} The parties in this action were formerly married on August 13, 1983. The marriage produced two children who are now adults. Subsequent to their marriage, appellee filed a complaint for divorce, culminating in the issuance of a final judgment entry of divorce on January 8, 2010.

{¶ 3} Under the terms of the divorce decree, which was attached to the complaint appellant filed in the present action, appellee was awarded the former marital residence, among other things. Appellant was directed to execute a quitclaim deed divesting herself of any interest in the former marital residence. In exchange, appellee was directed to execute a note and two mortgages in favor of appellant in the amount of her net distributive award ($103,566). According to the divorce decree, the note is "payable upon [appellee's] death, the sale of any of the properties, or the former marital residence no longer being the primary residence of either child prior to their reaching the age of majority, whichever occurs first."

{¶ 4} Consistent with his obligations as set forth in the final judgment entry of divorce, appellee executed a promissory note and two general mortgages in favor of appellant on June 3, 2010. Pursuant to the terms of the note, appellee is obligated to pay the principal amount of the note, plus interest, "upon the death of the signator, the sale of

2.

any of the properties secured by this Note, or the former marital residence no longer being the primary residence of either child prior to their reaching the age of majority, whichever occurs first."

{¶ 5} Nine years after the parties were divorced, appellant filed a complaint for foreclosure of the former marital residence on April 5, 2019. In her complaint, appellant alleged that appellee failed to pay her the net distributive award of $103,566 granted to her under the final judgment entry of divorce, and also alleged that appellee "has defaulted under the terms of the Note and Mortgage securing same." Consequently, appellant sought the foreclosure of the applicable mortgages, the sale of the former marital residence, and an award of the proceeds from the sale of the property in an amount sufficient to satisfy appellee's obligations under the promissory note.

{¶ 6} On September 16, 2019, appellee filed his answer, in which he acknowledged the existence of the note and mortgages but denied any present liability arising thereunder.

{¶ 7} Thereafter, on December 1, 2019, appellee filed a motion for summary judgment, in which he argued that he had not defaulted on the terms of the note and mortgages by failing to pay, because none of the three conditions for payment were met. According to appellee, the three conditions of payment were (1) the sale of the former marital residence, (2) appellant's death, or (3) the movement of one of the parties' children from the former marital residence prior to reaching the age of emancipation. In an affidavit attached to his motion for summary judgment, appellee averred that "the

3.

three (3) conditions of payment, as set forth in the Promissory note, have not occurred. Affiant is still alive, the [former marital residence] has not been sold, and the parties' two minor children * * * continued to live at 10465 Bailey as their primary residence up to and after they became legally emancipated."

{¶ 8} The following day, on December 2, 2019, appellant filed her own motion for summary judgment, in which she acknowledged that the first two conditions were not met, but argued that the third condition was met because the parties' children had now reached the age of majority.  In her affidavit attached to her motion for summary judgment, appellant stated that appellee "has failed to list me as an additional named insured on the properties," relying upon paragraph 3 of the mortgages, which provides, in pertinent part:

3. Mortgagor shall keep the buildings now or hereafter on the land insured in a sum equal to the highest insurable value, both fire and extended coverage, in a company or companies to be approved by mortgagee, with standard and customary mortgagee loss-payable clause indorsed thereon, making such loss payable to mortgagee, its successors, legal representatives or assigns; and in the event mortgagor fails to obtain such insurance, then mortgagee may obtain such insurance and hold the same as provided, without waiving or affecting the option to foreclose or any right under this document, and the mortgagor will repay to the mortgagee on demand all

4.

premiums so paid by mortgagee, with interest at the statutory rate per annum from the time of payment by mortgagee.

{¶ 9} On December 16, 2019, appellant filed her opposition to appellee's motion for summary judgment. In her memorandum, appellant reiterated her position that the third condition was met when the parties' children attained to the age of majority. According to appellant, the domestic relations court, in fashioning its final judgment entry of divorce, was "attempting to preserve the marital residence for the children during their minority, but now that they are emancipated the distributive award is due and owing and [appellant] is entitled to collect."

{¶ 10} In response, appellee filed his memorandum in opposition to appellant's motion for summary judgment on December 21, 2019. In the memorandum, appellee contended that appellant's argument ignores the plain language used by the domestic relations court in its final judgment entry of divorce and the corresponding language in the note, in favor of focusing on the unexpressed intent of the domestic relations court. Based upon his contention that the promissory note is a contract with clear and unambiguous terms, appellee argued that the court could not look to the unexpressed intent of the parties in order to add terms to the note that were not contained in the document. Because there was no dispute that the former marital residence remained the children's primary residence until after they reached the age of majority, appellee insisted that he was not in default on the note and was thus entitled to summary judgment.

5.

{¶ 11} Upon receipt of the parties' cross-motions for summary judgment and memoranda in opposition thereto, the trial court issued its decision on March 2, 2020. In its decision, the court agreed with appellee that the disputed language contained in the note was clear and unambiguous. The court went on to state that "[t]he condition was to occur if the prior marital residence ceased being the primary residence of either child *prior to their reaching the age of majority*." (Emphasis sic.) The court rejected appellant's intent-based argument, noting that the note contained the "exact language used by the domestic relations court in its judgment entry, and there is no evidence before this court that the domestic relations court meant anything other than the language used." Relying upon the undisputed evidence that the parties' children lived with appellee in the former marital residence until each child reached the age of majority, the trial court found that the third condition was not met, and therefore the note had not yet become due and payable. Accordingly, the trial court granted appellee's motion for summary judgment, denied appellant's motion for summary judgment, and dismissed appellant's complaint.

{¶ 12} Appellant's timely notice of appeal followed.

### B. Assignments of Error

{¶ 13} On appeal, appellant assigns the following errors for our review:

> 1) The trial court erred in denying Plaintiff/Appellant's Motion for Summary Judgment and in granting Defendant/Appellee's Motion for Summary Judgment when Plaintiff/Appellant presented unrefuted evidence

6.

that Defendant/Appellee was not in compliance with the terms of his mortgage contracts.

2) The trial court erred in dismissing Plaintiff/Appellant's Complaint in total as the court's ruling on Defendant/Appellee's Motion for Summary Judgment only related to the promissory note and not the mortgage contracts.

{¶ 14} Because appellant's assignments of error are interrelated, we will address them simultaneously.

## II. Analysis

{¶ 15} In appellant's assignments of error, she argues that the trial court erred in granting summary judgment in favor of appellee and dismissing her complaint.

{¶ 16} A motion for summary judgment is reviewed de novo by an appellate court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under the de novo standard, we undertake our own independent examination of the record and make our own decision as to whether the moving party is entitled to summary judgment. *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187 (1980).

{¶ 17} Summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, and that is adverse to the

7.

nonmoving party.  Civ.R. 56; *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 18} Here, appellant argues that appellee breached the terms of the mortgages by failing to keep her as a named additional insured for the former marital residence. Further, appellant notes that the trial court did not address this argument in its decision despite the issue being raised by appellant in the trial court.  Notably, appellant does not challenge the trial court's determination that appellee was in compliance with the terms of the note and therefore the note has not yet become due and payable.  Nonetheless, appellant argues that her complaint contained three causes of action, one relating to the note and two relating to the mortgages, and therefore the trial court erred in dismissing the complaint after only addressing the cause of action premised upon the note.

{¶ 19} In response, appellee contends that appellant did not raise the issue of a breach of the mortgages in the trial court below, and thus is foreclosed from raising it for the first time before this court.  Further, appellee argues that his alleged failure to name appellant as an additional insured does not give rise to a claim of foreclosure. Referencing paragraph 3 of the mortgages, appellee notes that he is not required to name appellant as an "additional insured."  Rather, appellant points to the language of the mortgages, which mandates appellee to name appellant as a loss payee.  With that distinction in mind, and because appellant failed to allege that appellee failed to name appellant as a loss payee, appellee reasons that appellant was not entitled to foreclosure based upon the mortgages.

8.

{¶ 20} Upon review of the record in this case, it is clear that appellant did not seek foreclosure relief based upon appellee's alleged failure to list her as an additional insured. The complaint makes no such allegation, but instead centers appellant's claim for foreclosure relief on appellee's failure to make payments. Specifically, appellant alleged in the second and third counts of her complaint that "the conditions of the Mortgage Deed have been broken, *by reason of failure to pay*." (Emphasis added.) Moreover, appellant did not advance her insurance argument in her motion for summary judgment. While it is true that appellant made a passing reference to the insurance issue in her affidavit attached to her motion for summary judgment, it remains the case that her complaint did not seek relief based upon appellee's alleged noncompliance with paragraph 3 of the mortgages.

{¶ 21} For the first time, appellant now seeks reversal of the trial court's judgment dismissing her complaint because the trial court did not address an argument that was not contained in the complaint or her motion for summary judgment. As noted by appellee in his brief to this court, "[a]ppellant cannot change the theory of [her] case and present these new arguments for the first time on appeal." *State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections*, 65 Ohio St.3d 175, 177, 602 N.E.2d 622 (1992). Appellant failed to raise her insurance argument below, thus we will not address it here.

{¶ 22} Because appellant failed to assert the insurance claim in Counts 2 and 3 of her complaint or in her motion for summary judgment, and since appellant abandons her argument on appeal that the note is in default based upon appellee's alleged failure to

9.

pay, we find that the trial court did not err in granting summary judgment to appellee and dismissing appellant's complaint.  Accordingly, appellant's assignments of error are not well-taken.

### III.  Conclusion

{¶ 23} In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed.  The costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
                                                            JUDGE

Arlene Singer, J.             

                                                          _____
Gene A. Zmuda, P.J.                                                    JUDGE
CONCUR.

                                                            _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.