[Cite as *Stierhoff-Palmison v. Palmison*, 2021-Ohio-405.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Amy Stierhoff-Palmison | Court of Appeals No. E-19-071 |
| Appellant | Trial Court No. 2014-DR-0158 |
| v. | |
| Peter M. Palmison | **DECISION AND JUDGMENT** |
| Appellee | Decided: February 12, 2021 |

* * * * *

Brent L. English, for appellant.

Michael J. Tony, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Amy Stierhoff-Palmison, appeals the judgment of the Erie

County Court of Common Pleas, Domestic Relations Division, denying her Civ.R. 60(B)

motion for relief from judgment. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On September 19, 2014, appellant filed a complaint for divorce against appellee, Peter Palmison.  On January 30, 2017, the parties reached a settlement agreement.  Relevant here, the written settlement agreement provided that the parties "shall sell the 2014 Jeep Cherokee and all sale proceeds shall be applied to the _____ second mortgage secured by the marital home."  The agreement further provided that appellant would assume and hold appellee harmless from the "US Bank, first mortgage loan," and "The remaining balance of the _____, second mortgage, after the application of the sale proceeds from the Jeep and trailer," and that appellee would assume and hold appellant harmless from "The debt owing on the 2014 Jeep until sold."

{¶ 3} That agreement was presented to the court on January 30, 2017, and oral modifications to the agreement were entered into the record.  Specifically, the attorney for appellant stated:

> The modifications to the property division will be as follows:  That [appellee] shall be able to retain, or sell, his Jeep vehicle.  As part of that, he will provide to [appellant], or directly to US Bank, the sum of $7,054.34, which would bring that loan current, that is the deficiency on the loan at this point in time.  He will also provide to [appellant] $5,000, and equally as for further clarification of the property division.  [Appellant] will then be responsible for the first and second mortgages on the house, and agree to

2.

refinance the house within six months of the date that [appellee] makes payment of those two obligations that I just spoke of, the $7,054 and the $5,000.

{¶ 4} Following the reading of the modifications, the court had the following exchange with appellant:

THE COURT: Okay. Ms. Palmison, is that your understanding of the agreement?

MS. PALMISON: Yes.

THE COURT: Do you have any questions about the agreement?

MS. PALMISON: No, sir.

THE COURT: And it's my understanding what [appellant's counsel] put on the record as well as the documents he has before me you've reviewed those documents as well, and are in agreement with those as well; is that correct?

MS. PALMISON: Yes.

THE COURT: Did you sign all those documents?

MS. PALMISON: Not yet.

[APPELLANT'S COUNSEL]: We haven't signed them yet, Your Honor.

THE COURT: Why don't you have them sign them that way we'll make sure everybody's on board. Okay. But you are familiar with the

3.

documents, and you're asking the Court to adopt that as your agreement; is that correct?

MS. PALMISON:  Yes.

Appellant's counsel then questioned her as follows:

Q	Regarding your other issues, that being your property division, you've read through that Exhibit as well?

A	Yes.

Q	And is the allocation of assets and liabilities within that document based on a complete, fair, and accurate, disclosure of all your assets and liabilities as you understand them?

A	Yes.

Q	Do you believe the division contained within that document, and as amended as has been read into the record, to be fair and equitable – equitable to both you and to your husband Peter?

A	Correct, yes.

Q	Are you able and willing to carry forth this – the agreements contained within those document – that document?

A	Yes.

* * *

Q	You understand that the agreements that you've read into the record today are the only agreements that the Court would have before it,

meaning there are no outside courtroom agreements, all the things that you've agreed to are contained within the four corners of this document?

A    Yes.

Q    And you've agreed to those things of your own free will?

A    yes.

Q    Nobody's forced you, threatened you, or coerced you, into signing or agreeing to these provisions?

A    No.

**{¶ 5}** Several months later, the parties submitted a clean copy of the final judgment of divorce as promised at the January 30, 2017 hearing. The final judgment of divorce submitted on June 5, 2017, was first signed by appellee. It was then sent to appellant who amended one of the paragraphs by interlineation. The original June 5, 2017 judgment entry specified in section V, paragraph (A)(1) and (2) that the parties agreed appellant would receive the marital home, and would be liable for the first and second mortgage loans held by U.S. Bank. In addition, as set forth in section IV, paragraph (E)(2)(c), appellee would receive a Jeep, and would pay $7,054.34 to U.S. Bank to bring the loan current. Finally, section V, paragraph (B)(2) of the agreement stated that appellee would assume and hold appellant harmless from the "US Bank, Jeep loan" debt. Appellant amended section V, paragraph (B)(2) by crossing out "US Bank" and inserting "#10003016" after "Jeep loan."

**{¶ 6}** Thereafter, on October 27, 2017, appellant moved for relief from the June 5, 2017 judgment. In her motion, appellant argued that the judgment entry contained several erroneous and omitted provisions, rendering it inequitable. Specifically, appellant argued that the judgment required her to assume the first and second mortgages held by U.S. Bank on the marital residence. However, appellant asserted that there was no second mortgage held by U.S. Bank, but rather it was held by Civista Bank. Furthermore, appellant argued that the Civista Bank mortgage was actually related to a loan that was taken out to purchase the Jeep. Relying on her interlineations, appellant stated that the June 5, 2017 judgment required appellee to assume a "Jeep loan #10003016," which was actually the Civista loan. Appellant claimed that appellee had failed and refused to pay the Civista loan, resulting in foreclosure proceedings on the marital home. Therefore, appellant sought relief from the June 5, 2017 judgment on the ground of "mistake or, at worst, excusable neglect by counsel for both parties."

**{¶ 7}** Ultimately, the matter proceeded to a hearing on February 25, 2019. At the hearing, appellee testified that the Civista loan was a home equity loan that was used to purchase the Jeep. Appellee testified that he was behind on the payments, and as part of the divorce settlement agreed to pay $7,054.34 to bring the loan current. That agreement is reflected in the June 5, 2017 judgment in section IV, paragraph (E)(2)(c), which states "Husband shall have the right to retain or sell the 2014 Jeep Cherokee; Husband shall pay the sum of Seven Thousand Fifty-four and 34/100 Dollars ($7,054.34) to US Bank within sixty (60) days of the final hearing to bring said loan current." Appellee testified that the

6.

$7,054.34 payment, and the additional $5,000 to equalize the property distribution, was all he was obligated to pay, and that he did not agree to pay the entire Civista loan. Finally, he testified that he did not see the interlineations crossing out "US Bank" and adding loan "#10003016," when he signed the judgment entry.

{¶ 8} Appellant testified that she made the interlineations to the June 5, 2017 judgment. She further testified that the $7,054.34 deficiency amount was owed on the first mortgage to U.S. Bank, not on the second mortgage to Civista. Appellant stated that it was her understanding that appellee agreed to pay the $7,054.34 deficiency on the first mortgage to U.S. Bank, which arose because appellee failed to continue to make his portion of the mortgage payments while the divorce was pending. Appellee would also retain possession of the Jeep, but would assume the debt associated with it, which was the Civista loan that totaled approximately $38,000. On cross-examination, however, appellant acknowledged that during the January 30, 2017 hearing, she agreed to be responsible for the first and second mortgages on the house, and that appellee would keep the Jeep and would pay $7,054.34 to bring that loan current, and would pay an additional $5,000 to equalize the property division.

{¶ 9} The final witness to testify was Kenneth Bailey, the attorney for appellee during the January 30, 2017 settlement negotiations. Bailey testified that it was his understanding that appellee agreed to pay the $7,054.34 and $5,000 as part of a global settlement, and that appellant would receive the house and be responsible for the two

7.

mortgages. Bailey further testified that when he signed the June 5, 2017 judgment entry, it had not been signed by appellant and it did not have the interlineations on it.

{¶ 10} Following the hearing, the trial court denied appellant's motion for relief from the June 5, 2017 judgment. In its judgment entered on November 15, 2019, the court found that it was clear from the oral modifications placed on the record on January 30, 2017, that appellant was fully aware that she was going to be responsible for the first and second mortgages on the marital home. The trial court further found that appellant's behavior in writing the Civista loan number on documents already signed by appellee was "somewhat abhorrent." The court concluded that there were no facts demonstrating a mistake or the existence of excusable neglect, and that appellant's change of heart was not sufficient to grant her relief from judgment under Civ.R. 60(B).

## II. Assignments of Error

{¶ 11} Appellant has timely appealed the trial court's November 15, 2019 judgment, and now asserts three assignments of error for our review:

> 1. The trial court erred and abused its discretion by denying Appellant's Motion for Relief from Judgment.

> 2. The trial court erred and abused its discretion by denying Appellant's Motion for Relief from Judgment on the basis of mutual mistake.

3. The trial court erred and abused its discretion by denying Appellant's Motion for Relief from Judgment on the grounds that it was no longer equitable that the judgment should have prospective application.

### III. Analysis

{¶ 12} As appellant's assignments of error all challenge the trial court's denial of her motion for relief from judgment, we will address them together.

{¶ 13} We review the denial of a Civ.R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} To prevail on a motion under Civ.R. 60(B), the movant must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶ 15} This appeal focuses on the second element of the *GTE* test; that is whether appellant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through

9.

(5). In support of her assignments of error, appellant first argues that she is entitled to relief from judgment based on mistake under Civ.R. 60(B)(1), which provides for the possibility of relief where there is "mistake, inadvertence, surprise or excusable neglect." In particular, appellant asserts that the parties were mutually mistaken in that the judgment entry never identified Civista Bank, identified the second mortgage as being owed to U.S. Bank, and obligated appellee to pay the "Jeep loan #10003016" when there was no "Jeep loan" per se, but rather a home equity line of credit that was used to pay for the Jeep. Further, appellant argues that the $7,054.34 erroneously referred to a past-due balance on a non-existent Jeep loan, when, in fact, it was the past-due amount on the first mortgage. Thus, appellant concludes that "there is a disconnect between the obligation to pay 'both mortgages' and the obligation to pay the Jeep loan until it is paid off."

{¶ 16} In denying appellant's motion for relief from judgment, the trial court found that there were no facts demonstrating a mistake regarding who would be liable for paying the first and second mortgages. We find that the trial court did not act unreasonably, arbitrarily, or unconscionably in reaching this conclusion. Indeed, appellant's attorney at the January 30, 2017 hearing unambiguously stated that as part of keeping the Jeep, appellee agreed to pay "the sum of $7,054.34, which would bring that loan current, that is the deficiency on the loan at this point in time. He will also provide to [appellant] $5,000, and equally as for further clarification of the property division." As to appellant's obligations, her attorney stated "[Appellant] will then be responsible for the first and second mortgages on the house, and agree to refinance the house within six

10.

months of the date that [appellee] makes payment of those two obligations that I just spoke of, the $7,054 and the $5,000." Appellant was questioned by both the court and her attorney as to whether this was her agreement, and both times she affirmed that it was. Thus, it is clear that appellee was obligated to pay a total of $12,054.34, and appellant was obligated to pay the first and second mortgages on the house.

{¶ 17} Furthermore, we agree with the trial court that appellant's attempt to shift the obligation of the payment of the second mortgage to appellee by unilaterally amending the judgment entry after it was signed by appellee is "somewhat abhorrent." Certainly, it would be inequitable to allow appellant to unilaterally change the judgment entry of divorce by interlineation, and then rely on the change to demonstrate that she is entitled to relief from the judgment. *See In re Whitman*, 81 Ohio St.3d 239, 242, 690 N.E.2d 535 (1998) ("Civ.R. 60(B) seeks a balance between the need for finality and the need for fair and equitable decisions based upon full and accurate information. Civ.R. 60(B) attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." (Internal quotations omitted.)).

{¶ 18} Here, the agreement as read into the record on January 30, 2017, and affirmed by the parties, was that appellee would get to keep the Jeep and pay $12,054.34, and appellant would get to keep the marital home and be responsible for the first and second mortgages. Therefore, we hold that the trial court did not abuse its discretion in determining that there was no mistake that would warrant relieving appellant from her obligation to pay both mortgages under the June 5, 2017 judgment entry.

11.

{¶ 19} Alternatively, appellant now argues that she is entitled to relief under Civ.R. 60(B)(4), which provides for the possibility of relief where "* * * it is no longer equitable that the judgment should have prospective application." However, appellant did not raise this argument in the trial court. "It is well-settled that a party may not 'change the theory of [her] case and present these new arguments for the first time on appeal.'" *Wells Fargo Bank NA v. Bluhm*, 6th Dist. Erie No. E-13-052, 2015-Ohio-921, ¶ 17, quoting *State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections*, 65 Ohio St.3d 175, 177, 602 N.E.2d 622 (1992). "Appellate courts will not find that a trial court abused its discretion in denying Civ.R. 60(B) relief based upon arguments that were never presented to it." *Id.* Therefore, we will not consider appellant's argument that she is entitled to relief under Civ.R. 60(B)(4).

{¶ 20} Accordingly, because the trial court did not abuse its discretion in denying appellant's motion for relief from judgment on the basis that she failed to demonstrate grounds for relief under Civ.R. 60(B)(1) through (5), appellant's assignments of error are not well-taken.

### IV. Conclusion

{¶ 21} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

12.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                                                      JUDGE

Christine E. Mayle, J.      

Gene A. Zmuda, P.J.       _____
CONCUR.                                         JUDGE

_____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.