[Cite as *State v. Koon*, 2021-Ohio-1561.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| DAVID A. KOON, | : | Case No. 20 CA 0006 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Perry County Court of Common Pleas, Case No. 17 CR 0074

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      April 30, 2021

APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. FLAUTT
Perry County Prosecuting Attorney

By: David L. ROWLAND
Assistant Prosecuting Attorney
111 N. High Street
P.O. Box 569
New Lexington, Ohio 43764

For Defendant-Appellant

DAVID A. KOON, Pro Se
A-743965
Noble Correctional Institute
15708 McConnelsville Road
Caldwell, Ohio 43724

*Baldwin, J.*

{¶1} Appellant, David A. Koon, appeals the February 20, 2020 decision of the Perry County Court of Common Pleas denying his second motion to withdraw his plea of guilty. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2} Appellant, David A. Koon was charged in 2017, entered a guilty plea in 2018 and was sentenced on April 27, 2018. He filed two motions to withdraw his guilty plea contending in both that, among other issues, the state breached a plea agreement to not require forfeiture of a parcel of real property. Both motions were denied. He appealed the trial court's denial and the first appeal, Case Number 19-001, was dismissed for want of prosecution and no further action was taken. The second motion was denied on February 20, 2020 and is now before us on appeal.

{¶3} Appellant was indicted on October 25, 2017 and charged with illegal cultivation of marijuana in violation of R.C. 2925.04(A), a second-degree felony; possession of marijuana in violation of R.C. 2925.11(A), a second-degree felony; trafficking in marijuana in violation of R.C. 2925.03(A)(2), a second-degree felony and having weapons under a disability in violation of R.C. 2923.13(A)(3),(B), also a felony of the second-degree. The charges involving marijuana included a requirement that Koon forfeit two firearms as well as a parcel of real property.

{¶4} A notice of plea hearing was journalized on April 11, 2018, suggesting that Koon had notified the court that he decided to change his plea.

{¶5} At the hearing for the change of plea, the prosecutor summarized the terms the parties recommended to the trial court:

The Defendant is willing to enter a plea today to the third count of the indictment, which is trafficking in marijuana, felony of the second degree; the firearm specification associated with that; and the forfeiture specification as it pertains to the two firearms. He's also pleading to the weapons under disability.

In return for that plea, we would nolle the remaining charges contained within the indictment, would recommend that he be sentenced to five years on the trafficking in marijuana charge; one year on the firearm specification; and one year on the having weapons while under disability, all to be served consecutively.

Change of Plea Hearing, Apr 12, 2018, p. 3, lines 9-22)

{¶6} On April 17, 2018, a document captioned "Instructions to Defendant" and a second document captioned "Written Guilty Plea" were filed with the court. The parties amended both documents by striking language that required Koon to forfeit a parcel of real property. Neither document contains language restricting the appellee's ability to pursue a civil action for forfeiture.

{¶7} Appellant was sentenced on April 27, 2018. The sentencing entry refers to forfeiture of two fire arms, buts does not mention the real property and does not prohibit appellee from pursuing forfeiture.

{¶8} On January 17, 2019 appellant filed his first motion to withdraw his guilty plea. Within that motion he includes several bases for his motion and the most relevant for the purposes of this appeal is contained in paragraph eight of his memorandum in support:

also my counsil said that the prosecutor an the judge had all came

to an agreement that if i took the plea agreement that the land of mine would

not be taken. In which was a lie and another way to get me to plea. (SIC).

{¶9}    The trial court denied Koon's motion on February 4, 2019 and Koon filed a notice of appeal on March 1, 2019. The notice of appeal was filed without a docketing statement and this court issued an entry on March 15, 2019 requesting that a docketing statement be attached. Kuhn did not respond to that entry and, on April 12, 2019, the appeal was dismissed for want of prosecution.

{¶10} During the pendency of the aforementioned appeal Koon filed a second motion to withdraw his plea. Within that motion, Koon acknowledged that a civil action for forfeiture of real property held in his name was pending before he was indicted on the criminal charges that are the subject of this appeal.  He explained that he entered into a plea agreement with the appellee in which appellee agreed "to exclude the .87 acres located at 6679 Twp. R. 1008, Corning, Perry County, Ohio from the forfeiture specification part of the plea agreement * * *." (Motion to Withdraw Plea, Mar. 25, 2019, p.4).  Koon does not state that there was an agreement that the civil action seeking forfeiture of the real property would be dismissed and the record contains no such representation by appellee.  Though he does not expressly state so, we can infer from this argument that Koon believes that the plea agreement should be interpreted as appellee's representation that the property would not be seized in the civil action, but the record contains no support for that conclusion.

**{¶11}** The same day as the filing of that motion, March 25, 2019, the trial court journalized an entry deferring ruling on the motion pending the appellate court's decision on the appeal of the first motion to withdraw the plea. Once the first appeal was dismissed for want of prosecution, the trial court issued an entry dismissing the motion to withdraw on February 20, 2020. The trial court made a finding that addressed the crux of Koon's motion:

A Complaint for civil forfeiture of the Defendant's real property was filed on September 29, 2017. The Defendant was served with that Complaint on October 4, 2017. The two cases were, therefore, proceeding simultaneously. The Prosecutor agreed not to recommend the property be forfeited in the criminal case. However, the Assistant Prosecuting Attorney did not agree to dismiss the Complaint for forfeiture in the civil case. The Defendant was fully aware of the civil case when he agreed to plead guilty in the criminal case. He was represented by counsel in the criminal case.

(Entry, Feb. 20, 2020, p. 2.)

**{¶12}** Koon filed a notice of appeal on March 9, 2020 with a docketing statement. He supplemented that filing with amended docketing statement on March 18, 2020, the amendment making clear that he was appealing the trial court's decision to deny his motion to withdraw his plea. He submitted one assignment of error:

**{¶13}** "I. THE GOVERNMENT BREACHED THE APPELLANT'S PLEA AGREEMENT. THIS ALLEGATION IS NOT INCREDIBLE, FRIVOLOUS, OR FALSE AND THUS, THE TRIAL COURT ERRED BY DENYING APPELLANT'S PETITION TO VACATE WITHOUT A HEARING."

**STANDARD OF REVIEW**

**{¶14}** We review the trial court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard of review. *State v. Pepper,* 5th Dist. Ashland No. 13 COA 019, 2014–Ohio–364, ¶ 31 quoting *State v. Caraballo,* 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Pepper, supra* at ¶ 31 quoting *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. The trial court abuses its discretion by issuing a decision that we find unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶15}** Criminal Rule 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Under the "manifest injustice" standard, a post-sentence withdrawal motion is granted only in extraordinary cases. *State v. Aleshire,* Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶ 60.

**ANALYSIS**

**{¶16}** Koon filed a brief that does not fulfill all of the requirements of App.R. 16. He filed this appeal pro se, nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP–116, 2006–Ohio–3316, ¶ 9. See, also, *State v. Hall,* 11th Dist. No. 2007–T–0022, 2008–Ohio–2128, ¶ 11. We also understand that "an appellate court

will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005–Ohio–6494, ¶ 4 (internal quotation omitted). Koon's brief fails to clearly describe the judgment subject to the appeal and lacks material compliance with App.R. 16. Despite the omissions, the body of his brief and the record provide sufficient insight into Koon's arguments, so we conclude that resolving this appeal will serve the interests of justice.

**{¶17}** Appellee argued in its motion to dismiss the appeal as well as its brief that the appeal is barred by res judicata. We denied the motion to dismiss, but appellee has raised the issue of res judicata in its appellate brief, and we conclude that the record in this case warrants the consideration of that doctrine.

**{¶18}** Koon did not address the issue in his brief, but did argue that the doctrine did not apply in his motion to withdraw his plea. He cited to the case of *State v. Wolford,* 2nd Dist. Miami No. C.A. 99CA10, 1999 Ohio App. LEXIS 4282 (September 17, 1999) in support of his position, but that case is distinguishable and more recent decisions of the Second District Court of Appeals support a contrary conclusion.

**{¶19}** In *Wolford* the trial court invoked res judicata when Wolford asked that he be permitted to withdraw his plea because the trial court failed to comply with Crim. R. 11 during his plea hearing. The Second District concluded that res judicata did not apply in that context *Id.* at p. 2, but that court did not address the filing of multiple motions to withdraw a plea. In *State v. McCain,* 2nd Dist. Montgomery No. 27195, 2017-Ohio-7518, ¶ 25, the Second District Court of Appeals recognized that if a Crim.R. 32.1 motion to withdraw plea asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, res judicata applies and the second Crim.R. 32.1 motion

will be denied.  We find the *McCain* decision on point and the *Wolford* case distinguishable and inapplicable to the facts of the case before us.

{¶20}  After review of the record, we conclude that Koon's second motion for relief from judgment and the  appeal of the February 20, 2020 denial of his motion to withdraw his guilty plea filed March 25, 2019 are barred by the doctrine of res judicata. Koon's second motion to withdraw his plea contained the same argument as his first motion, alleging a breach of a plea agreement. He failed to prosecute his appeal of the dismissal of the first motion. The doctrine of res judicata prevents his escape from the finality of that judgment.

{¶21}  Numerous courts have applied the doctrine of res judicata to successive motions to withdraw a guilty plea. *See State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶¶ 59-60 (Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal); *State v. Perez,* 1st Dist. Hamilton No. C-170052, 2017-Ohio-9190, ¶ 3 (We agree with our sister districts and hold that, if a Crim.R. 32.1 motion asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, res judicata applies, and the second Crim.R. 32.1 motion should be denied); *State v. McLeod,* 5th Dist. Tuscarawas No. 2004 AP 03 0017, 2004–Ohio–6199 (holding res judicata barred current challenge to a denial of a motion to withdraw because the issues could have been raised in a defendant's initial motion to withdraw); *State v. Vincent,* 4th Dist. Ross No. 03CA2713, 2003–Ohio–3998 (finding res judicata barred defendant from raising issues that could have been raised in a prior motion for new trial or Crim.R. 32.1 motion); *State v. Reynolds,* 3rd Dist. Putnam No. 12–01–11, 2002–Ohio 2823 (finding

that the doctrine of res judicata applies to successive motions filed under Crim.R. 32. 1).

As succinctly stated in *State v. Kent,* 4th Dist. Jackson No. 02CA21, 2003–Ohio–6156,

"Res judicata applies to bar raising piecemeal claims in successive post-conviction relief

petitions or motions to withdraw a guilty plea that could have been raised, but were not,

in the first post-conviction relief petition or motion to withdraw a guilty plea." *Accord, State*

*v. Fryer,* 5th Dist. Perry No. 15–CA–00013, 2015–Ohio–4573, 48 N.E.3d 962, ¶ 38; *State*

*v. Gallegos–Martines,* 5th Dist. Delaware No. 10–CAA–06–0043, 2010–Ohio–6463, ¶ 12;

*State v. Sneed,* 8th Dist. Cuyahoga No. 84964, 2005–Ohio–1865, ¶ 17.

**{¶22}** The facts and issues described in Koon's second motion to withdraw his

plea were known to him when he filed his first motion. Koon had the opportunity to present

his argument, failed to take advantage of it, and cannot resurrect his claims. Because

Koon's claims are properly barred by res judicata the trial court's judgment overruling his

successive motion to withdraw his guilty plea was correct. Accordingly, regardless of the

trial court's reasoning Koon cannot demonstrate prejudice from the trial court's ruling.

**{¶23}** We have concluded that Koon's motion was barred by res judicata, but if we

were to consider the merits of the motion, we would conclude that the trial court did not

err.

**{¶24}** Koon claimed manifest injustice occurred as a result of the appellee's

breach of the plea agreement provision that eliminated the forfeiture of real property from

his sentence.  The record in this case does not show a breach of that term as there is no

evidence of the imposition of a forfeiture as a result of the plea.  Koon and the trial court

both refer to a civil matter in which the state was allegedly seeking forfeiture of the real

property and, presumably, that litigation concluded with forfeiture in favor of the state.

Such a civil action was not prohibited by language in the plea agreement or in the record of this case.  The record shows that the parties struck the requirement of forfeiture of real property from the recommended sentence, but did not prohibit a separate action seeking the same result.

**{¶25}**  The trial court's decision that manifest injustice did not occur is supported by the record and was not unreasonable, arbitrary, or unconscionable. If the motion had not been barred by res judicata, we would conclude the court had not abused its discretion in dismissing the motion to withdraw the plea.

**{¶26}**  Koon's first assignment of error is denied and the decision of the Perry County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Hoffman, J. and

Delaney, J. concur.