[Cite as *State v. Matthews*, 2023-Ohio-1771.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CRAIG E. MATTHEWS | : | Case No. 2023 CA 0007 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 2020 CR 0132


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     May 25, 2023


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISHANA L. CARROLL            CRAIG E. MATTHEWS
318 Chestnut Street                    Noble Corr. Inst. #788437
Coshocton, OH  43812              15708 McConnelsville
                                                  Caldwell, OH  43724

*King, J.*

{¶ 1} Defendant-Appellant Craig E. Matthews appeals the January 26, 2023 judgment of the Coshocton County Court of Common Pleas which denied Matthews' post-sentence motion to withdraw his guilty pleas. Plaintiff-Appellee is the state of Ohio.

Facts and Procedural History

{¶ 2} Following a traffic accident wherein Matthews was driving under the influence of alcohol, a drug of abuse, or a combination of them, Matthews was charged by indictment with two counts of operating under the influence of alcohol or drugs with prior charges for the same, one count of operating a vehicle without being in control of the vehicle, and tampering with evidence.

{¶ 3} On May 25, 2021, following negotiations with the state, Matthews pled guilty to one count of operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them, and tampering with evidence. In exchange, the state agreed to dismiss the remaining counts of the indictment and agreed to take no position on sentencing, judicial release, or bond and further agreed not to oppose a presentence investigation. Matthews was represented by counsel at his change-of-plea hearing.

{¶ 4} Following the preparation of a presentence investigation, a sentencing hearing was held on July 14, 2021. The trial court sentenced Matthews to an aggregate prison term of four years.

{¶ 5} A year later, Matthews filed a motion with this court for leave to file a delayed appeal. On August 9, 2022, we denied the motion.

{¶ 6} On January 11, 2023, Matthews filed a pro se "Motion to Set Aside Judgment of Conviction and Permit the Defendant to Withdraw his Plea." In his motion

Matthews argued that his trial counsel was ineffective because counsel induced him to plead guilty to tampering with evidence when, according to Matthews, he could not have been convicted of that offense at a trial. Matthews supported these arguments with his own version of the events which are contained nowhere in the record. The state did not file a response.

{¶ 7} Relying on this court's opinion in *State v. Koon*, 5th Dist. Perry No. 20 CA 0006, 2021-Ohio-1561, the trial court noted Matthews' arguments were based on his own "unsworn version of the facts" and further found Matthews' arguments were barred by res judicata "because the motion argues facts that could have been presented at trial, and an ineffective assistance of counsel claim that could have been resolved on appeal." Judgment Entry filed January 26, 2023, docket at 98.

{¶ 8} Matthews timely appealed and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL RIGHTS, INCLUDING HIS RIGHT TO DUE PROCESS OF LAW, TO ACCESS COURTS, AND EQUAL PROTECTION OF THE LAW, BY APPLYING RES JUDICATA TO BAR THE APPELLANT'S POST-JUDGMENT MOTION TO SET ASIDE THE JUDGMENT AND PERMIT THE APPELLANT TO WITHDRAW HIS GUILTY PLEA THAT IS SPECIFICALLY ALLOWED BY CRIMINAL RULE 32.1"

{¶ 10} In his sole assignment of error, Matthews argues the trial court erred by applying res judicata to his motion to withdraw his guilty plea. According to Matthews, his motion should have been granted to correct a manifest injustice because had he elected

to go to trial, he could not have been convicted of tampering with evidence under the version of facts that Matthews advances. We disagree.

## Procedural Issues

{¶ 11} As an initial matter, Matthews' appeal is a procedural quagmire. He sets forth facts that are found nowhere in the trial court record save for his own motion to withdraw his guilty plea. In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528 (2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978)." It is also true "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material or factual assertions contained in any brief in this court will not be considered. See, *North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶ 7, quoting *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16. We therefore disregard the facts contained in both Matthews' brief as well as the state's brief which each claim constitutes the charge of tampering with evidence because they are facts outside of the record.

{¶ 12} We further note Matthews has failed to submit a transcript of the change-of-plea hearing, and did not utilize App.R. 9(C) or (D) as a substitute for transcripts. Because there is no record from which we can address the bulk of Matthews' complaints, we address only the narrow issue of whether res judicata may be applied to a post-

conviction motion to withdraw a guilty plea, and specifically, Matthews' ineffective assistance challenge.

Res Judicata as Applied to Crim.R. 32.1

{¶ 13} A motion to withdraw a guilty plea after sentencing is permitted to correct a manifest injustice. See Crim.R. 32.1. Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985).

{¶ 14} "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 15} The failure to appeal a judgment of conviction bars as res judicata any subsequent attempt to litigate issues that could have been raised in a direct appeal. *State v. Dick*, 137 Ohio App.3d 260, 2000-Ohio-1685, 738 N.E.2d 456 (3d Dist.), citing *State v. Harmon*, 103 Ohio App.3d 595, 598, 660 N.E.2d 532 (1995.)

{¶ 16} In *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, the Supreme Court of Ohio noted res judicata may apply to a motion to withdraw a guilty plea:

> Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were *or could have been raised* at trial or on appeal. See *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374, ¶ 9; *State v. Totten*, 10th Dist. Franklin No. 05AP–278 and 05AP-508, 2005-Ohio-6210, ¶ 7.

{¶ 17} *Ketterer* ¶ 59, emphasis added.

{¶ 18} Matthews argues he has filed only one motion to withdraw his guilty plea and therefore the matter cannot be barred by res judicata. We disagree. The focus is not how many times a defendant has moved to withdraw his plea, but rather whether the basis for his challenge could have been raised in a direct appeal.

{¶ 19} In this matter, the trial court noted Matthews' motion was based on an "unsworn version of the facts" which he alleged supported his claim he could not have been convicted of tampering with evidence. Judgment Entry filed January 26, 2023, Docket at 98. The trial court was therefore without any basis to address whether or not Matthews could have been convicted of the charged offense, and was left with the ineffective assistance of trial counsel claim. Matthews could have raised that issue in a direct appeal but failed to do so. The trial court's decision finding that Matthews' ineffective assistance claim was barred by res judicata was therefore not unreasonable.

{¶ 20} Matthews also complains that since this court denied his request for delayed appeal and therefore there was no direct appeal. This court's denial of Matthews' grossly untimely motion for delayed appeal does not change the fact that he could have raised his ineffective assistance of trial counsel claim in a timely direct appeal. Because Matthews failed to timely appeal, he has waived his right to challenge the issue.

{¶ 21} We find the trial court's decision to deny Matthews' motion to withdraw his guilty plea based on res judicata was not unreasonable, arbitrary, or unconscionable. The sole assignment of error is overruled.

{¶ 22} The judgment of the Coshocton County Court of Common Pleas is affirmed.

By King, J.,

Delaney, P.J. and

Baldwin, J. concur.