[Cite as *State v. Sanchez*, 2023-Ohio-2042.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2022CA00071 |
| | : | |
| ANTHONY SANCHEZ | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                              Common Pleas, Case No.
                              2016CRR00957A


JUDGMENT:                     AFFIRMED


DATE OF JUDGMENT ENTRY:       June 20, 2023


APPEARANCES:


For Plaintiff-Appellee:                For Defendant-Appellant:

KYLE L. STONE                          ALLISON F. HIBBARD
STARK CO. PROSECUTOR                   4403 St. Clair Ave.
LISA A. NEMES                          Cleveland, OH 44103
110 Central Plaza S., Ste. 510
Canton, OH 44702-1413

*Delaney, J.*

{¶1} Appellant Anthony Sanchez appeals from the April 29, 2022 Judgment Entry Denying Defendant's Motion to Withdraw Guilty Plea of the Stark County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts are adduced from appellee's bill of particulars filed August 3, 2016.

{¶3}  Appellant and co-defendant Davon Tashawn Wallace are active members of the "Shorb Bloc" gang.  Both appeared in photos and videos with other known convicted gang members and displayed gang identifiers such as clothing, hand signs, and gang-related tattoos.  The "Shorb Bloc" gang participates in criminal enterprises including drug trafficking, assaults, felonious assaults, burglaries, and robberies.  Appellant and Wallace have prior convictions for gang-related felonies. Appellant has prior felony convictions disqualifying him from possessing a firearm.

{¶4}  On or around May 12, 2016, appellant and Wallace ordered John Doe into a residence at gunpoint and restrained him with an electrical cord. Appellant and others stole Doe's wallet, pistol-whipped him, and threatened to shoot him. Doe was struck in the head multiple times, requiring staples to close the wound.  During the ordeal, appellant and others inserted a firearm into the anus of John Doe.

{¶5} Canton police responded to a call of a burglary in progress. Appellant and Wallace shot at Officers Tanner, Melendez, and Johnston. As the assailants fled, they used a vehicle as a weapon to ram a police car in which F.B.I. Agent McMurtry was a passenger.

{¶6} Appellant was charged with multiple felony counts including kidnapping, aggravated burglary, aggravated robbery, rape, felonious assault, participating in a criminal gang, and having weapons under disability; the counts were accompanied by gang specifications and firearm specifications. Appellant entered pleas of not guilty.

{¶7} On December 6, 2016, appellant appeared before the trial court and changed his pleas of not guilty to ones of guilty. The trial court accepted appellant's guilty pleas, found him guilty as charged, and deferred sentencing until January 27, 2017, at which time appellant was sentenced to a total aggregate prison term of 22 years.

{¶8} Relevant to the instant appeal, at sentencing appellant was determined to be a Tier III sex offender. The trial court's Judgment Entry of January 27, 2017, notes appellant was convicted of one count of rape pursuant to R.C. 2907.02(A)(2), a felony of the first degree and a sexually-oriented offense as defined in R.C. 2950.01, and specifically a Tier III offense. Based upon that conviction, appellant was a Tier III sex offender pursuant to R.C. 2950.01(G) and subject to corresponding registration requirements. The record contains a copy of appellant's duties to register acknowledged by his signature and dated January 27, 2017.

{¶9} Appellant filed a pro se motion for leave to file a delayed appeal of his convictions and sentence, docketed as Fifth District Court of Appeals, Stark County case number 2017CA00042. We overruled appellant's motion for delayed appeal.

{¶10} On March 18, 2022, appellant filed a Motion to Withdraw Guilty Plea before the trial court, asserting that although he entered the negotiated pleas on January 27, 2017, he was "surprised" when the trial court referred to Chapter 2950 (sex offender

registration requirements).  Appellant states he would not have entered pleas of guilty if he knew of the sex offender designation and accompanying registration requirements.

{¶11} Appellee responded with a memorandum in opposition on April 26, 2022, noting appellant was represented by counsel at all relevant proceedings; engaged in a Crim.R. 11 discussion with the trial court; and was fully advised of his designation as a Tier III offender and the registration requirements at the sentencing on January 17, 2017. Appellee noted the transcript of the change-of-plea hearing on December 6, 2016 indicated that the trial court advised appellant the rape conviction would subject appellant to designation as a Tier III offender and registration requirements; on the record, appellant indicated he understood and still elected to change his pleas to ones of guilty. Appellant executed the Explanation of Duties to Register as a Sex Offender on January 17, 2017. All of these factors establish a lack of manifest injustice required by Crim.R. 32.1, argued appellee.

{¶12} The trial court overruled appellant's motion to withdraw his guilty plea by judgment entry dated April 29, 2022.

{¶13} Appellant now appeals from the trial court's decision overruling his motion to withdraw his guilty plea.

{¶14} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶15} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S POSTSENTENCE MOTION TO WITHDRAW PLEA WHERE THE PLEA WAS ENTERED WITHOUT INFORMING THE DEFENDANT OF THE SEX OFFENDER CLASSIFICATION AND REGISTRATION REQUIREMENTS."

**ANALYSIS**

{¶16} In his sole assignment of error, appellant argues the trial court erred in overruling his motion to withdraw his guilty pleas. We disagree.

*Crim.R. 32.1*

{¶17} Crim. R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In the instant case, appellant's request was made five years after imposition of sentence, and the standard by which the trial court considered the motion was "to correct manifest injustice." *State v. Payton*, 5th Dist. Muskingum No. CT2022-0038, 2023-Ohio-504, ¶ 20.

{¶18} The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A manifest injustice is a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83 (1998). "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Ruby,* 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11, quoting *State v. Williams,* 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Accordingly, under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *Smith,* supra, 49 Ohio St.2d at 264.

*Standard of review*

{¶19} Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

*Appellant asserts ineffective assistance of trial counsel*

{¶20} Appellant asserts his plea was not made knowingly, intelligently, and voluntarily due to ineffective assistance of counsel; specifically, "his attorney neglected to inform [him] of the registration requirements pursuant to R.C. 2950.11(F)(2)." Brief, 6. Appellant's self-serving allegations of ineffective assistance are not supported by the record.

{¶21} We note appellant was represented by counsel throughout the pendency of the case; at the change-of-plea hearing on December 6, 2016, the record establishes appellant and defense trial counsel reviewed a Crim.R. 11 Plea of Guilty form, which is also in the record.  Appellant and the trial court engaged in a Crim.R. 11 plea colloquy in

open court, on the record, and the trial court reviewed the rights appellant was waiving, the possible sentences he faced, and all punitive consequences of the pleas of guilty. During the colloquy, the trial court advised appellant that a guilty plea to the count of rape subjected him to sex-offender registration requirements as a designated Tier III sex offender. Appellant indicated on the record that he understood. T. 15-16. Following the discussion appellant entered a counseled plea of guilty to all charges in the indictment.

{¶22} Appellant appeared for sentencing on January 27, 2017, also with counsel, and the trial court imposed the aggregate prison term of 22 years. During the sentencing hearing, appellant was designated a Tier III sex offender and executed the Explanation of Duties to Register as a Sex Offender, which is also in the record.

{¶23} We fail to find support for appellant's summary allegations of ineffective assistance. To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶24} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶25} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶26} Appellant contends counsel did not inform him of the consequences of pleading guilty to one count of rape, an allegation belied by the record of the change-of-plea and sentencing hearings, supra. To the extent appellant implies counsel did not fully explain the registration requirements off the record, resolution of those claims depends on evidence outside the record; specifically, on the private conversations between appellant and trial counsel. See, *State v. Hardman*, 1st Dist. Hamilton No. C-210189, 2022-Ohio-3309, ¶ 16. Such evidence is not a basis for a finding of ineffective assistance on direct appeal.

{¶27} We find no evidence supporting appellant's claim that he would not have entered his guilty pleas but for ineffective assistance of counsel regarding sex-offender registration.

*Appellant asserts insufficient advisement by trial court*

{¶28} Appellant also argues the trial court did not provide enough detail about his registration requirements during the plea colloquy, although he acknowledges he was told of the lifetime registration requirement. He implies the trial court was obligated to advise him of the duty to register and provide in-person verification, the community-notification provisions, and residency restrictions. Brief, 7. Appellant's argument was rejected by the Ohio Supreme Court in *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d

286, at ¶ 22, in which the Court found a trial court complied with Crim.R. 11(C)(2)(a)'s maximum-penalty-advisement requirement where it advised an offender he would be subject to the registration requirements of Chapter 2950. Likewise, the trial court in the instant case did not violate Crim.R. 11 in advising appellant of the classification and registration requirements. *Id.*

{¶29} The Court further determined the appellant in *Dangler* could "prevail only by establishing that he would not have pleaded no contest but for the trial court's failure to explain the sex-offender-classification scheme more thoroughly." *Id.,* ¶ 23. In the instant case, as in *Dangler,* we have only appellant's assertion that he would not otherwise have entered the guilty pleas. Appellant faced a litany of serious charges, in which the rape count and its consequences were only one portion. We find no basis for appellant's assertion that he would not have accepted a favorable negotiated plea if the trial court had provided more detail about sex-offender registration requirements.

{¶30} In other words, we find no prejudice evidence on the face of the record:

> Prejudice must be established "'on the face of the record.'" *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462, 709 N.E.2d 162 (1999). There is nothing in the record indicating that Dangler would not have entered his plea had he been more thoroughly informed of the details of the sex-offender-classification scheme. This is presumably why Dangler asks us to conclude that solely by virtue of challenging a plea on appeal, a defendant is "explicitly demonstrating" that his plea

would not have otherwise been made. But that would be tantamount to eliminating the prejudice requirement altogether. Because Dangler has not established prejudice, he is not entitled to have his no-contest plea vacated for a failure to comply with Crim.R. 11(C).

*State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286.

{¶31} Similarly to Dangler, appellant asks us to infer prejudice from the mere fact of his convictions. In the instant case, "the trial court did not completely fail to comply with Crim.R. 11(C)(2)(a), and there is nothing in the record to support a conclusion that [appellant] would not have entered his plea had the trial court been more detailed in its explanation." *Id., ¶* 26.

*Arguments barred by res judicata*

{¶32} Further, as we noted at oral argument, appellant's claims here--that the trial court failed to advise him of sex-offender registration requirement and he received ineffective assistance of trial counsel--were cognizable upon direct appeal. The failure to appeal a judgment of conviction bars as res judicata any subsequent attempt to litigate issues that could have been raised in a direct appeal. *State v. Dick*, 137 Ohio App.3d 260, 2000-Ohio-1685, 738 N.E.2d 456 (3d Dist.), citing *State v. Harmon*, 103 Ohio App.3d 595, 598, 660 N.E.2d 532 (1995).  Res judicata may bar the assertion of claims in a motion to withdraw a guilty plea that were *or could have been raised* at trial or on appeal. *State v. Matthews*, 5th Dist. Coshocton No. 2023 CA 0007, 2023-Ohio-1771, ¶ 16, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9.

{¶33} At oral argument, appellant noted we denied his request for delayed appeal and therefore there was no direct appeal. Our denial of the untimely motion for delayed appeal does not change the fact that he could have raised his claims in a timely direct appeal. *Id.,* ¶ 20. Because appellant failed to timely appeal, he has waived his right to challenge the issue. *Id.*

{¶34} Appellant did not establish any manifest injustice occurred when he changed his pleas to guilty. The trial court therefore did not abuse its discretion in overruling appellant's motion to withdraw his guilty pleas and the sole assignment of error is overruled.

## CONCLUSION

{¶35} Appellant's sole assignment of error is overruled and the judgment of the Stark County Court of Common Pleas is affirmed.


By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.